# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

LYTWANIA SHARPE,

    Plaintiff,

    v.

KIMBERLY MCCARTNEY, and
CITY OF BRUNSWICK,

    Defendants.

CV 221-031

## ORDER

Before the Court is Defendant City of Brunswick's (the "City") Motion to Dismiss, dkt. no. 16. For the following reasons, the Motion is **GRANTED.**

## BACKGROUND

In the original Complaint, Plaintiff alleged a number of legal violations by Defendant Kimberly McCartney, a police officer employed by the City, as well as potential Monell[1] violations by the City itself. See Dkt. No. 1 ¶¶ 7-19. She asserted those claims under the Fourth and Fourteenth Amendments, 28 U.S.C. § 1343

---

[1] Monell v. Dept. of Social Servs. of City of New York, 436 U.S. 658 (1978) (holding local governments are "persons" for purposes of 42 U.S.C. § 1983 claims and are strictly liable for customary constitutional violations).

and 42 U.S.C. § 1983, and unspecified provisions of Georgia law. Id. ¶¶ 1, 20.

In its initial motion to dismiss, the City requested the Court to dismiss all claims asserted against it under Georgia law. Dkt. No. 8. The City argued Plaintiff's original Complaint was a shotgun pleading and highlighted several deficiencies. Id. at 3-4. In its Order on the motion to dismiss, the Court noted these shotgun pleading issues but denied the motion and gave Plaintiff leave to amend her complaint within fourteen (14) days to cure the problems plaguing the initial Complaint. Dkt. No. 13 at 5-7.

Plaintiff filed an Amended Complaint, making only a few changes to the original Complaint. Compare Dkt. No. 1 with Dkt. No. 15. Specifically, Plaintiff added "Count One," "Count Two," "Count Three," and "Count Four" into the Amended Complaint at seemingly random junctures and removed a few of the problematic paragraphs. Compare Dkt. No. 1 ¶¶ 5, 7, 17, 18, with Dkt. No. 15. Plaintiff seeks actual and punitive damages, as well as attorney's fees and costs. See Dkt. No. 15 at Prayers for Relief at B-C.

The City timely renewed its Motion to Dismiss, dkt. no. 16, requesting the Court dismiss all claims asserted against it under state and federal law. Plaintiff has filed no response, and the time for doing so has long passed. As such, the motion is ripe for review.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint, in order to state a claim for relief, contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. For this reason, "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings" as "[t]hey waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[] the public's respect for the courts.'" Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations

omitted); see also Barmapov v. Amuial, 986 F.3d 1321, 1329 (11th Cir. 2021) (Tjoflat, J., concurring).

The Eleventh Circuit has described four main types or categories of shotgun pleadings. The first type is a complaint containing "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland, 792 F.3d at 1321. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third is "one that commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1323. Finally, the fourth type is a complaint that contains "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Furthermore, the Eleventh Circuit has explained that "[a] district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Vibe, 878 F.3d at 1295 (quoting Weiland, 792 F. 3d at 1320). The Eleventh Circuit has clarified that in exercising this inherent authority, "[w]hen a litigant files a shotgun pleading, is represented by

4

counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds." Id. at 1296. In so doing, "the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings." Id.

**ANALYSIS**

The City argues Plaintiff's Amended Complaint should be dismissed with prejudice because it is a shotgun pleading and it presents many of the same problems as her original Complaint, despite Plaintiff's being ordered to remedy those errors. See Dkt. No. 16 at 4-7 (citing Dkt. No. 13). The City is correct.

Plaintiff's Amended Complaint is largely unchanged from the original Complaint. Compare Dkt. No. 1 with dkt. no. 15. In fact, the Amended Complaint copies *verbatim* a paragraph the Court highlighted as especially problematic:

> The wrongful assault and battery on Plaintiff, and the excessive force used against Plaintiff by the Defendant Kimberly McCartney, was done under color of law and authority, and said wrongful acts were done intentionally, and with a complete and deliberate indifference to the Plaintiff's rights, and all of said wrongful conduct has caused the Plaintiff to be deprived of her constitutional rights, including but not limited to the rights afforded in the Fourth and Fourteenth Amendments to the United States.

See Dkt. No. 13 at 5 (citing Dkt. No. 1 ¶ 12); Dkt. No. 15 ¶ 11. This paragraph, of course, is problematic because it sets forth

multiple causes of action in a single paragraph, and the "Count" under which it appears, Count One, includes jurisdictional allegations and facts which pertain to the City, not Defendant McCartney (to whom this paragraph purports to direct claims). Dkt. No. 15 ¶¶ 1-13. This by itself is an issue because it makes it difficult for Defendants to be on notice of what specific causes of action are being pursued against them. And there are additional issues with the Amended Complaint.

The Amended Complaint further fails to identify which Defendants are being sued for which claims. Plaintiff asserts the City is liable for McCartney's conduct because it "has a policy which authorizes the use of force without legal cause or because it has failed to adopt a policy prohibiting the use of force except under appropriate circumstances," id. ¶ 15, and proceeds on to discuss McCartney's conduct in tazing Plaintiff and charging her with a criminal act. Id. ¶¶ 16-19. These paragraphs raise the specter of a Monell claim against the City but appear to be directed toward Defendant McCartney. The Amended Complaint thus commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323.

Finally, the Amended Complaint also commits the "mortal sin of re-alleging all preceding counts" in Counts Two, Three, and Four. Weiland, 792 F.3d at 1322; Dkt. No. 15 ¶¶ 14, 20, 22. This category of shotgun pleadings is especially problematic because it "lead[s] to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Weiland, 792 F.3d at 1324 (quoting Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002)). Indeed, these paragraphs "repeat[ ] and incorporate[ ] by reference" jurisdictional allegations, information about each of the Defendants, and specific facts which make it difficult for the City to understand of what, exactly, they are being accused. Dkt. No. 15 ¶ 22.

**CONCLUSION**

In the face of such shotgun pleadings, the usual remedy is to give a plaintiff one chance to replead and remedy her shotgun pleading issues. See Vibe, 878 F.3d at 1296. This Court did so. See Dkt. No. 13. Plaintiff did not remedy those issues. As a result, the City's Motion to Dismiss, dkt. no. 16, is **GRANTED.**

**SO ORDERED** this 28th day of March, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA